# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CESAR ENRIQUE MIRELES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-CV-125-JMS-WGH |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry and Order Dismissing Action

### I.

The plaintiff's request to proceed *in forma pauperis* (dkt 3) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

### II.

Cesar Enrique Mireles, an inmate at a federal prison in this District, seeks injunctive relief associated with the conditions of his confinement. Mireles alleges that he was arbitrarily placed in the Special Housing Unit and as a result has been denied the benefits of housing and other programming in the general population. He seeks an order requiring his placement in the general population.

Because Mireless is a ʌprisoner@ as defined by 28 U.S.C. ' 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Mireles, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mireles' complaint is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971). The court has jurisdiction over such claims through 28 U.S.C. ' 1331. However, a prerequisite to maintaining an action under 28 U.S.C. ' 1331 is that the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir.), *cert. denied*, 107 S. Ct. 3215 (1987).

The constitutional provision implicated by Mireles' conditions of confinement is the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). But the conditions alleged in the complaint do not support such a claim because conditions of confinement may rise to the level of a constitutional violation only if those conditions involved the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991). Nothing in the allegations here remotely suggests such a deprivation. *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (AThe conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).

Similarly, the Fourteenth Amendment=s guarantee of due process does not provide a viable path to relief. A prisoner has no due process or other right to be housed in or returned to a prison=s general population from a segregation unit under the circumstances alleged by Mireles. See *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)); *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) (AClassifications of inmates implicate neither liberty nor property interests . . .@) (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). AIn the absence of [ ] ›atypical and significant= deprivations, the procedural protections of the Due Process Clause will not be triggered.@ *Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005). No programming for which Mireles may have been rendered ineligible by virtue of his placement in the SHU constitutes such a deprivation. See *Higgason v. Farley*, 83 F.3d 807, 809-810 (7th Cir. 1996) (the denial of access to educational programs does not infringe on a protected liberty interest, even if denied the opportunity to earn good time credits); *Garza v. Miller,* 688 F.2d 480, 485-86 (7th Cir. 1982) (there is no constitutional mandate that prisons must provide rehabilitative programs), *cert. denied,* 459 U.S. 1150 (1983).

### III.

For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim under 42 U.S.C. ' 1983. Dismissal of the federal claims pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v.*

*Pendleton Corr. Facility,* **302 F.3d 773, 775 (7th Cir. 2002).**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/17/2012 _____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

CESAR ENRIQUE MIRELES
15866-041
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808